IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                                           Case No.   02-20046-JWL
                                                                              04-3120-JWL

Dereck E. Chappell,

        Defendant.


MEMORANDUM & ORDER

      Dereck Chappell was named in a one-count indictment that was returned by the grand jury on May 22, 2002.   The indictment charged Mr. Chappell with bank robbery in violation of 18 U.S.C. § 2113.  On January 27, 2003, Mr. Chappell entered a plea of guilty.  In the plea agreement executed by Mr. Chappell, he waived his right to appeal the sentence imposed or to challenge it through collateral attack.   Mr. Chappell, however, expressly reserved the "right to raise any issue relating to retroactive changes effecting [sic] the guidelines."   On April 14, 2003, Mr. Chappell was sentenced to a 151-month term of imprisonment.   The judgment of conviction was entered on the docket on April 18, 2003.  Mr. Chappell did not appeal.

      On May 14, 2004, Mr. Chappell filed a document entitled Petition for Writ of Habeas Corpus by a Person in Federal Custody which the court construed as a petition under 28 U.S.C. § 2255.   Thereafter, Mr. Chappell filed a "Notice of Addendum" in which he advised the court that he did not want his motion construed as a § 2255 petition.  The court honored Mr. Chappell's request concerning the characterization of his motion, but ultimately denied Mr. Chappell relief

because Mr. Chappell sought to have his sentence vacated–relief that could only be afforded under § 2255.

On February 1, 2005, Mr. Chappell filed an "Application for the District Court to Consider a Second or Successive Motion for Collateral Attack" (doc. 47) in which he asks this court to vacate his sentence in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). Because the court did not construe Mr. Chappell's May 14, 2004 motion as a § 2255 petition, Mr. Chappell's present motion is his initial § 2255 petition.[1] As explained below, the motion is denied.

## I.    Mr. Chappell Waived his Right to Challenge his Sentence

The government opposes Mr. Chappell's motion on the grounds that Mr. Chappell expressly waived his right to challenge his sentence through collateral attack in the plea agreement that he executed. Mr. Chappell, in turn, acknowledges that he waived certain rights, but highlights that he expressly reserved the right to raise issues relating to retroactive changes affecting the guidelines. According to Mr. Chappell, his request for resentencing in light of *Booker* falls outside the scope

---

[1]As an alternative to § 2255, Mr. Chappell argues that the court should entertain his motion as an application for reduction of sentence under Title 18 U.S.C. § 3582(c)(2). That statute permits the modification of sentences only in extremely limited circumstances, none of which apply to this case. *See United States v. Blackwell*, 81 F.3d 945, 947-48 (10th Cir. 1996) (noting that a court may modify a sentence under § 3582 in certain circumstances: on motion of the Director of the Bureau of Prisons; to the extent otherwise expressly permitted by statute or by Federal Rule of Criminal Procedure 35; or in cases where the applicable sentencing range has subsequently been lowered by the Sentencing Commission). Thus, the court cannot grant Mr. Chappell relief under § 3582.

of the waiver as it raises issues relating to retroactive changes to the guidelines.

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

A.      *Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

The provision in the plea agreement by which Mr. Chappell waived his right to challenge

3

his sentence through collateral attack states as follows:

> The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined with reference to the charge listed in the indictment. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255, but reserves the right to raise any issue relating to retroactive changes effecting [sic] the guidelines.

While Mr. Chappell concedes that he waived the right to challenge his sentence in most respects, he contends that his *Booker* arguments fall outside the scope of the waiver because those arguments relate to "retroactive changes effecting [sic] the guidelines."[2]  The court disagrees, as the rule announced in *Booker* is not a "retroactive change effecting [sic] the guidelines."

When a decision of the Supreme Court results in a "new rule," that rule applies to all criminal cases pending on direct review.  *Schriro v. Summerlin*, 124 S. Ct. 2519, 2522 (2004). As to convictions already final, however, a new rule is retroactive only in limited circumstances. *Id.*  While new substantive rules generally apply retroactively, new procedural rules do not.  *Id.* at 2522–23.  In *United States v. Price*, 400 F.3d 844 (10th Cir. 2005), the Tenth Circuit expressly held that *Blakely v. Washington*, 124 S. Ct. 2531 (2004), as interpreted more recently in *Booker*, does not apply retroactively to an initial § 2255 motion. 400 F.3d at 845.  In so holding, the

---

[2]In his reply, Mr. Chappell also argues that the court, in light of *Booker*, lacked jurisdiction to impose the sentence that it did and, thus, because jurisdiction can never be waived, his waiver is unenforceable.  The court readily rejects this argument.  The holding in *Booker* simply does not implicate the court's jurisdiction or power to sentence a criminal defendant.  *Cf. United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1063 (8th Cir. 2002) (summarily rejecting as "flatly wrong" the defendants' argument that an *Apprendi* error implicates the jurisdiction of a district court).

4

Circuit explained that *Blakely* announced a procedural rule (rather than a substantive rule) because it "'altered the range of permissible methods for determining' the appropriate length of punishment." *Id*. (quoting *Summerlin*, 124 S. Ct. at 2523). The court further held that the procedural rule announced in *Blakely* was a "new rule" because, at the time the defendant's convictions became final (after *Apprendi* but before *Blakely*), a court would not have felt compelled to conclude that *Blakely*'s rule was constitutionally required. *Id*. at 846-48. Finally, the court held that *Blakely* does not meet any of the exceptions set forth in *Teague v. Lane*, 489 U.S. 288 (1989), that render a new procedural rule retroactive. *Id.* at 848-49 (*Blakely* did not announce a new "watershed" rule of criminal procedure). Therefore, the Circuit concluded that *Blakely* does not apply retroactively to convictions that were already final at the time the Supreme Court decided *Blakely*. *Id*. at 849.

For the reasons described by the Circuit in *Price*, *Booker* does not apply retroactively to convictions that were final at the time the Supreme Court decided *Booker*. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (holding *Booker* does not apply retroactively in initial § 2255 motions), *cited with approval in Price*, 400 F.3d at 849; *see also United States v. Leonard*, 2005 WL 139183, at *2 (10th Cir. Jan. 24, 2005) (*Booker* simply does not apply to the sentence of a defendant who has exhausted his direct appeal and whose conviction was final prior to the date *Booker* was decided) (dicta). As Mr. Chappell's conviction was final before January 12, 2005–the date *Booker* was decided–*Booker* is not a "retroactive change" within the meaning of Mr. Chappell's plea agreement. Stated another way, Mr. Chappell's arguments concerning *Booker* are within the scope of his waiver because *Booker* does not implicate a

retroactive change to the Sentencing Guidelines.

In short, Mr. Chappell has expressly waived the right to collaterally attack his sentence through a § 2255 petition and, thus, has waived the right to file the motion presently pending before the court.   *See, e.g., United States v. Bradley*, 400 F.3d 459, 465 (6th Cir. 2005) (rejecting defendant's argument that waiver in plea agreement was unenforceable on the basis of changes in the law, including Supreme Court's decision in *Booker*, after the bargain was struck) (and cases cited therein); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) (right to appeal a sentence based on *Booker* grounds can be waived in a plea agreement even if *Booker* had not been decided at the time of the plea; broad waiver language covers those grounds of appeal).


B.      *Knowing and Voluntary*

Mr. Chappell does not contend that his waiver was not knowing and voluntary.  Nonetheless, in an abundance of caution, the court briefly analyzes this aspect of the waiver.  In determining that Mr. Chappell's waiver was knowing and voluntary, the court looks no further than the language of the plea agreement and the court's Rule 11 colloquy with Mr. Chappell.   *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).  Paragraph 14 of Mr. Chappell's  plea agreement expressly states that the plea was knowing and voluntary:

> The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel.  Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion.  The

defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties.   The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

Expressly stated in the plea agreement was the waiver where Mr. Chappell agreed to "knowingly waive[] any right to appeal a sentence imposed which is within the guideline range determined with reference to the charge listed in the indictment."   In addition, the court, during its Rule 11 colloquy with Mr. Chappell, discussed extensively the fact that Mr. Chappell had waived his right to appeal or otherwise challenge his sentence through a § 2255 motion.   The court's discussion with Mr. Chappell clearly revealed that Mr. Chappell understood the nature of his waiver and voluntarily accepted it with knowledge of the consequences of the waiver.

C.     *Miscarriage of Justice*

In his motion, Mr. Chappell does not contend that enforcing the waiver would result in a miscarriage of justice.   Nonetheless, the court briefly addresses this issue in an abundance of caution.   Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.   *Hahn*, 359 F.3d at 1327.

Mr. Chappell briefly states in his reply to the government's response to his § 2255 motion

7

that he received "ineffective assistance of counsel in conjunction with the negotiation of the waiver in question." The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain habeas relief, a petitioner must establish both that his attorney's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *See id.* at 687, 688, 694.

Neither Mr. Chappell's papers nor the record in this case indicates that counsel was ineffective in advising Mr. Chappell regarding the proposed waiver and Mr. Chappell has set forth no specific facts indicating that his counsel's performance was deficient in this regard. In fact, the record reflects that Mr. Chappell's counsel successfully negotiated a waiver that, by reserving Mr. Chappell's rights to raise any issues concerning retroactive changes to the guidelines, was more favorable to Mr. Chappell than the government's standard waiver. Moreover, at the time that Mr. Chappell waived his right to file an appeal, the Supreme Court had not even granted certiorari in *Blakely*, let alone decided *Blakely* or *Booker*. As the Tenth Circuit has held, "counsel's failure to foresee future developments in the law does not constitute constitutionally deficient performance." *United States v. Keeling*, 2004 WL 2712627, at *1 (10th Cir. Nov. 30, 2004) (citing *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1541-43 (10th Cir. 1995)). Thus, Mr. Chappell's counsel's negotiation of a plea agreement that included a waiver of the right to file an appeal or a § 2255 motion at a time that pre-dated both *Blakely* and *Booker* does not constitute ineffective assistance of counsel under Tenth Circuit precedent. Mr. Chappell, then, cannot satisfy

the first prong of *Strickland*.   Moreover, at least with respect to his waiver of the right to file a § 2255 motion, Mr. Chappell cannot demonstrate any prejudice and, thus, cannot establish the second prong of *Strickland* either.   Even if Mr. Chappell's counsel had been able to negotiate a plea without a waiver of Mr. Chappell's rights (and it is highly unlikely that the government would have agreed to such a plea), Mr. Chappell nonetheless would be unsuccessful in challenging his sentence in the context of his § 2255 motion, as discussed below.

**II.     Mr. Chappell's Motion Fails on the Merits**

Even if the issues raised by Mr. Chappell in his § 2255 petition did fall outside the scope of his waiver or his waiver were otherwise unenforceable, his motion nonetheless fails on the merits.   Because *Booker* announced a new rule of criminal procedure, it applies retroactively only to cases pending on direct review or cases that are not yet final.  *See United States v. Leonard*, 2005 WL 139183, at *2 (10th Cir. Jan. 24, 2005); *United States v. Price*, 400 F.3d 844 (10th Cir. 2005).   Mr. Chappell's case is not pending on direct review and his case was final prior to the Supreme Court's decision in *Booker*.  Thus, *Booker* does not apply retroactively to Mr. Chappell's § 2255 petition and it has no bearing on Mr. Chappell's sentence.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Chappell's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 47) is denied.

**IT IS SO ORDERED** this 7th day of April, 2005.

9

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge