# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                      Case No. 02-20046-JWL

**Dereck E. Chappell,**

      **Defendant.**

## MEMORANDUM & ORDER

On April 7, 2005, the court entered an order denying Mr. Chappell's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Chappell has now, more than nine months later, filed a motion for certificate of appealability (doc. 52). The motion is denied as it is untimely; Mr. Chappell's time for filing a notice of appeal has long passed. *See* Fed. R. App. P. 4(b)(1)(A).

The court would deny the motion on the merits in any event. A COA should issue if the applicant has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the Circuit has interpreted to require that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See id.* (quoting *Tennard v. Dretke*, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))). In his § 2255 motion, Mr. Chappell sought to have his sentence vacated in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Tenth Circuit precedent clearly establishes that he is not entitled to a COA on this

issue as neither *Booker* nor *Blakely v. Washington*, 542 U.S. 296 (2004), applies retroactively to Mr. Chappell's motion and these cases have no bearing on his sentence. *See United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005) (denying motion for rehearing from panel's decision denying application for COA where habeas petition sought to vacate sentence based on *Blakely* and *Blakely* did not apply retroactively to initial § 2255 motions for collateral relief); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) ("Thus, like *Blakely*, *Booker* does not apply retroactively on collateral review, and [petitioner's] claim may not be brought in this initial habeas review under 28 U.S.C. § 2255.").

For the foregoing reason, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED** this 23rd day of January, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge